DENNIS, Justice,
dissenting to denial of stay order.
I respectfully dissent and would grant a stay of execution of judgment for 60 days to allow application for certiorari from the Supreme Court, conditioned upon the posting of adequate additional security to ensure payment of the judgment in the event writs are denied or other action unfavorable to the defendant. Whether the alleged libelous statement was the mere expression of an opinion about the worth of a public official’s services fully protected by the First Amendment is clearly a substantial question deserving of the high court’s attention. There would be no irreparable injury to the plaintiff caused by a 60 day suspension of execution of the judgment. He can be fully protected by security required by the law and this Court. This Court has the authority both under federal law and our state constitution to stay the execution of judgment. 28 U.S.C.A. § 2101(f); La.Const. Art. 5 §§ 2, 5; see State ex rel. Muslow v. La. Oil Ref. Corp., 117 So. 476 (La.App. 2d Cir. 1937). This Court should exercise that power when a litigant raises a substantial federal question and a stay of execution will not cause irreparable injury. See Annotation, Stay of Execution or Enforcement of Judgment, 2 A.L.R.Fed. 657 (1969). This has been our past practice in both civil and criminal cases and there is nothing peculiar about this case which should cause us to deny the stay of execution. See, e.g., Norris v. King, No. 61,924.